UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RAMON ALVARADO, JR.,

    Plaintiff,

 v.                                                          Case No. 23-CV-163

JOSEPH BEAHM, ALDERMAN,
JOHN BIRDYSHAW, BRIAN FOSTER,
JULIUS GROVER, B.HOMPE,
TONIA MOON, JAMES MUENCHOW,
CO DONNEL, KONNER RELIFORD,
ROPER, KYLE TRITT, and YANA PUSICH,

    Defendant.

## ORDER SCREENING THE COMPLAINT

On February 8, 2023, plaintiff Ramon Alvarado Jr., who is incarcerated at Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendant violated his constitutional rights. (ECF No. 1.) Alvarado also filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.)

The court has jurisdiction to resolve Alvarado's motion and to screen the complaint in light of Alvarado's consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

# MOTION FOR LEAVE TO PROCEED
# WITHOUT PREPAYING THE FILING FEE

The Prison Litigation Reform Act (PLRA) applies to this case because Alvarado was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On February 8, 2023, Alvarado filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.) On February 9, 2023, the court ordered Alvarado to pay an initial partial filing fee of $0.80 by March 13, 2023. (ECF No. 5.) Alvarado paid that fee on February 24, 2023. The court will grant Alvarado's motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

# SCREENING THE COMPLAINT

*Federal Screening Standard*

The Prison Litigation Reform Act (PLRA) applies to this case because Alvarado was incarcerated when he filed his amended complaint. The PLRA requires courts to screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are

2

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent

3

standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Alvarado's Allegations*

Alvarado alleges that on January 15, 2020, he was subjected to a strip search. (ECF No. 1 at 1.) At one point, defendant Kyle Tritt instructed him to spread his buttocks, but Alvarado, because he was handcuffed, was unable to do so. (*Id.*) At that point, Tritt ordered a staff-assisted strip search. (*Id.*) Alvarado asked that defendant Alderman not be a part of the strip search because she is a woman. (*Id.*) Alderman participated in the strip search anyway and was responsible for holding his left arm. (*Id.* at 1-2.) Defendants Joseph Beahm, John Birdyshaw, Julius Grover, Konner Reliford, Roper, and Tritt also participated in the staff assisted strip-search. (*Id.* at 2.)

The strip-search was recorded, and at one point, Alvarado asserts that Tritt joked "we should name the title of the video Alvarado's ass." (*Id.*) Alvarado states that the officers were laughing and joking while conducting the strip search (*Id.*) Alvarado also asserts that the strip search was conducted in retaliation for filing a different civil lawsuit against several of the defendants. (*Id.*) Alvarado further asserts that he requested defendants Yana Pusich, Brian Foster, and James Muenchow to preserve the video of the strip search, but they refused. (*Id.*)

*Analysis*

Alvarado claims that the defendants violated his Eighth Amendment rights because they conducted a strip search for sexual gratification. When carrying out

4

strip searches, a prison official "can violate the Eighth Amendment in one of two ways: by maliciously inflicting pain or injury or by performing some action that is "intended to humiliate the victim of gratify the assailant's sexual desires." *Gillis v. Pollard*, 554 F. App'x 502, 505 (7th Cir. 2014) (quoting *Washington v. Hively*, 695 F.3d 641, 643 (7th Cir. 2012)). To state an Eighth Amendment claim under the second category, a plaintiff "must show that the strip search in question was . . .a search conducted in a harassing manner intended to humiliate and inflict psychological pain." *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003).

Alvarado states that the defendants conducted the strip search for sexual gratification and not a legitimate penological purpose, but he does not include any allegations that would indicate the strip search was conducted for an inappropriate purpose. He includes allegations that some of the officers were joking and laughing, but this is insufficient to demonstrate that the search was conducted for inappropriate reasons. *See Beal v. Foster,* 803 F.3d 356, 358 (7th Cir. 2015) ("[M]ost verbal harassment by jail or prison guards does not rise to the level of cruel and unusual punishment.") Additionally, he points to the presence of Alderman, who is female, but a "strip search of a male prisoner in front of female officers, if conducted for legitimate penological purpose, would fail to rise to the level of an Eighth Amendment violation." *Calhoun*, 319 F.3d at 939. In attempting to allege that the search was not conducted for appropriate reasons, , Alvarado simply states that he believes the search was conducted for sexual gratification, but while courts are to liberally construe *pro se* plaintiffs' complaints, courts cannot "accept as adequate

5

abstract recitations of the elements of a cause of action or conclusory legal statements." *Twombly*, 550 U.S. at 570. Alvarado may not proceed on an Eighth Amendment claim for an unreasonable strip search.

Additionally, he may not proceed on a First Amendment Retaliation claim. To state a retaliation claim, a plaintiff must allege that "(1) [the plaintiff] engaged in an activity protected by the First Amendment; (2) he suffered a deprivation likely to deter such activity; and (3) the First Amendment activity was at least a motivating factor in the decision to impose the deprivation." *Hawkins v. Mitchell*, 756 F.3d 983, 996 (7th Cir. 2014). Alvarado has not alleged that he suffered a deprivation likely to deter such activity.

Also, Alvarado may not proceed on a claim against Yana Pusich, Brian Foster, and James Muenchow for failing to preserve the video of the strip search. Failure to preserve evidence is not a constitutional claim, and Alvarado did not allege that these defendants did so in retaliation. Additionally, Alvarado does not include any allegations against B.Hompe, Tonia Moon, and CO Donnel, so they are dismissed.

Alvarado fails to state a claim upon which relief may be granted. Although courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, the court need not do so where the amendment would be futile. *See Boyd v. Bellin*, No. 20-3087, 2021 WL 479769 (7th Cir. Feb. 10, 2021). Alvarado's complaint is thorough in its allegations of facts surrounding this claim, so the court

6

finds that further amendment would be futile. As such, Alvarado's case is dismissed.

**THEREFORE, IT IS ORDERED** that Alvarado's motion for leave to proceed without prepaying the filing fee (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of Alvarado shall collect from his institution trust account the $349.20 balance of the filing fee by collecting monthly payments from Alvarado's prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Alvarado is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Alvarado is confined.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 12th day of May, 2023.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge